UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.T. CHARLTON & ASSOCIATES, INC.,

       Plaintiff,

v.

AMG INDUSTRIES, INC., and RESERVE
GROUP MANAGEMENT COMPANY,

       Defendants.

_____/

Case No. 15-12409

Honorable John Corbett O'Meara

**OPINION AND ORDER DENYING**
**PLAINTIFF'S JULY 28, 2015 MOTION FOR TEMPORARY RESTRAINING ORDER**

    This matter came before the court on plaintiff C.T. Charlton & Associates' July 28, 2015 motion for temporary restraining order ("TRO").  Defendant AMG Industries filed a response July 30, 2015.  Plaintiff filed a reply on July 31, 2015.  No oral argument was heard.

**BACKGROUND FACTS**

    Plaintiff C.T. Carlton & Associates ("CTCA") and defendant AMG have been doing business together since 1978.  AMG is a seller and manufacturer of automotive parts, and CTCA preformed sales representative and consulting services for AMG.  In exchange for CTCA's services, AMG agreed to pay sales commission on AMG's sales made or that will be made as a result of those services.

    Plaintiff claims that AMG unilaterally reduced the commission rate it paid to CTCA and made an immediate demand for payment on AMG June 9, 2015.  AMG has refused to pay.  Plaintiff now claims that AMG intends to enter into an asset purchase agreement with defendant Reserve Group. "CTCA believes that this asset purchase agreement will transfer substantially all of AMG's assets,

but not its liabilities, to Reserve Group affiliated limited liability companies. If the asset purchase agreement is consummated, AMG will have insufficient assets to satisfy CTCA's claims for unpaid commissions." Plaintiff's mot. br. at 3.

In its response brief, however, defendant AMG has represented that it "will receive approximately $10,000,000 in cash as a result of selling the bulk of its assets and various liabilities to Reserve Group Management Company. As a result, AMG will remain solvent after the sale of its assets, and AMG will have more than enough capital to pay the damages sought by Charlton." Defendant's resp. br. at 1.

## **LAW AND ANALYSIS**

"The factors to be weighed before issuing a TRO are the same as those considered for issuing a permanent injunction." Monaghan v. Sebelius, 916 F. Supp. 2d 802, 807 (E.D. Mich. 2012). The United States Court of Appeals for the Sixth Circuit has established a four-factor analysis to determine whether a preliminary injunction should issue: 1) the likelihood that the movant will succeed on the merits; 2) whether the movant will suffer irreparable harm if the injunction is not granted; 3) the probability that granting the injunction will cause substantial harm to others; and 4) whether the injunction advances the public interest. Jones v. Caruso, 569 F.3d 258, 270 (6th Cir. 2009).

Plaintiff's claim for injunctive relief is based on its two claims in its amended complaint for relief under Michigan's Uniform Fraudulent Transfer Act, the purpose of which is "to prevent debtors from transferring their property in bad faith before creditors can reach it." Dillard v. Schlussel, 308 Mich. App. 429 (2014). Pursuant to the statute in this case, CTCA would have to prove that AMG acted "[w]ith actual intent to hinder, delay or defraud any creditor of the debtor."

Mich. Comp. Laws Ann. § 566.34(1)(a). Actual intent is determined by the factors set forth in §§ 566.34 (20)(a-j).

Plaintiff CTCA is not likely to succeed on the merits. First, AMG and Reserve Group agreed to the terms of their purchase agreement June 3, 2015, six days before Plaintiff presented AMG with its demand for payment on June 9, 2015. Plaintiff then did not file suit until July 6, 2015, a month after the AMG-Reserve Group agreement. Furthermore, AMG's attempts to sell its business have been well-known to CTCA, as CTCA made an offer to purchase AMG's assets.

Plaintiff asserts that AMG will be rendered insolvent after the sale to Reserve Group; however, AMG is to receive $10,000,000 in cash for the sale to Reserve Group, easily more than enough to cover the approximately $315,000 CTCA alleges it is owed. Proving that AMG is engaging in a fraudulent transfer to avoid the debt to CTCA is unlikely. Even if Plaintiff ultimately prevails, there will be sufficient assets available to cover CTCA's damages.

Because AMG will not be insolvent after the sale, Plaintiff cannot show that it will suffer irreparable injury as a result. "[T]he demonstration of some irreparable injury is the *sine qua non* . . . for issuance of an injunction." CLT Logistics v. River West Brands, 777 F. Supp.2d 1052, 1074 (E.D. Mich. 2011). The only potential injury to Plaintiff is money damages.

In this case there also exists the probability that granting Plaintiff the injunction will cause harm to the negotiations in the sale of AMG's assets to Reserve Group. Finally, neither party can demonstrate that the public interest would be served whether or not the injunction issues, as this is a contractual matter between the parties.

## **ORDER**

For the foregoing reasons, it is hereby **ORDERED** that plaintiff CTCA's July 28, 2015 motion for temporary restraining order is **DENIED.**

Date: July 31, 2015                                        s/John Corbett O'Meara
                                                                      United States District Judge


I hereby certify that on July 31, 2015 a copy of this order was served upon counsel of record using the ECF system.

                                                                      s/William Barkholz
                                                                      Case Manager